# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 6, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Loretta Z. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3141-BAH

Dear Counsel:

On December 6, 2022, Plaintiff Loretta Z. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 11), Plaintiff's motion for summary judgment and alternative motion for remand (ECF 14), and Defendant's dispositive brief (ECF 16).[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motions and AFFIRM the SSA's decision. This letter explains why.

## I.  PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 26, 2019, alleging a disability onset of March 1, 2019. Tr. 15, 323–24. Plaintiff's claims were denied initially and on reconsideration. Tr. 153–58, 161–64. On February 10, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40–80. Following the hearing, on March 30, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–39. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Here, Plaintiff moved for summary judgment and filed an alternative motion for remand, and Defendant filed a brief. ECFs 14, 16.

[2] 42 U.S.C. §§ 301 et seq.

*Loretta Z. v. Kijakazi*
Civil No. 22-3141-BAH
September 6, 2023
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since March 1, 2019, the alleged onset date."  Tr. 17.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine, radiculopathy, obesity, depression, anxiety and post-traumatic stress [PTSD] disorder."  *Id.* (brackets in original).  The ALJ also found that Plaintiff suffered from the non-severe impairments of "headaches, asthma, and alcohol and cocaine abuse."  Tr. 18.  At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 19.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [she] requires the option to change positions as needed such that she would not have to stand or walk longer than 30 minutes at a time or sit longer than 30 minutes at a time without the ability to change positions for at least 10 minutes while remaining on task.  She is limited to occasionally climbing ramps, stairs, ladders, ropes or scaffolds, to no more than occasional balancing, stooping, kneeling, crouching, or crawling.  She can tolerate no more than occasional concentrated exposure to extreme cold and to vibration and is limited to performing simple and routine tasks involving no more than occasional interaction with supervisors.  She can frequently interact with coworkers and public, and can tolerate no more than occasional changes in the routine setting.

Tr. 24.  The ALJ determined that Plaintiff could not perform past relevant work as a fast foods worker (DOT[3] #311.472-010) or poultry hanger (DOT #525.687-078) but could perform other

---

[3] The "DOT" is the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S.

*Loretta Z. v. Kijakazi*
Civil No. 22-3141-BAH
September 6, 2023
Page 3

jobs existing in significant numbers in the national economy. Tr. 31–32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 33.

### III.  LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

On appeal, Plaintiff argues: (1) that the ALJ erred at step two by determining that Plaintiff's headaches were non-severe; (2) that the ALJ erred by determining that the opinion of Plaintiff's treating neurologist was unpersuasive; (3) that the ALJ erred by failing to include provisions for off-task behavior, unscheduled breaks, or unscheduled absences in the RFC; (4) that the RFC "fails to appreciate the extent of" Plaintiff's back pain and radiculopathy; and (5) that the ALJ should have limited Plaintiff to sedentary work. ECF 14-1, at 10–14. Defendant counters that: (1) substantial evidence supported the ALJ's finding that Plaintiff's headaches were non-severe; (2) substantial evidence supported the RFC; and (3) the ALJ properly accounted for Plaintiff's physical and mental impairments in the RFC. ECF 16, at 6–20.

The Court first considers Plaintiff's argument that the ALJ erred by determining that her headaches were non-severe. In evaluating the RFC, an ALJ must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). The RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (italics omitted) (recognizing that step two of the sequential evaluation process is "merely a threshold determination meant to screen out weak claims" and is "not meant to identify the impairments that should be taken into account when determining the RFC"). Here, the ALJ's step-two analysis was supported by substantial evidence.[4]

---

Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[4] Plaintiff argues that *Albert v. Astrue,* No. CBD-10-2071, 2011 WL 3417109 (D. Md. July 29, 2011), supports Plaintiff's argument that the ALJ committed error at step two. ECF 14-1, at 11.

The ALJ noted that "there is no medical evidence that the effects of [Plaintiff's headaches] result in more than a minimal limitation in [her] ability to perform work-related activities when properly treated." Tr. 18. The ALJ observed that Plaintiff denied having severe headaches in October 2019 and was "helped" by taking "Motrin ATC and Lyrica" for her headaches in January 2021. *Id.* Moreover, treatment records from May 2021 and August 2021 indicated that Plaintiff had no headaches. *Id.*; *see also* Tr. 30 (determining that a June 2021 "headache questionnaire" stating that Plaintiff "has 7 headaches per week" was unpersuasive due to inconsistency). Given this analysis, the Court determines that the ALJ adequately explained why Plaintiff's headaches have no more than a minimal effect on her work-related functioning and are therefore non-severe. *See* SSR 85-28, 1985 WL 56856, at *3 (S.S.A. Jan. 1, 1985) ("[A]n impairment is not severe if it has no more than a minimal effect on an individual's physical or mental ability(ies) to do basic work activities[.]"). Thus, the ALJ did not err at step two.[5]

Plaintiff also argues that the ALJ erred by determining that the opinion of Plaintiff's neurologist, Dr. Harbert, was unpersuasive. ECF 14-1, at 12–13. Specifically, she contends that the ALJ erred by determining that Dr. Harbert's opined limitations were inconsistent with other evidence. *Id.* at 13. Plaintiff avers that the record *does* support Dr. Harbert's opinion because Plaintiff has consistently complained of daily headaches which affect her speech, memory, and balance. *Id.* But notably, Plaintiff does not suggest that the ALJ failed to evaluate any of this evidence or to resolve contradictions in the evidence. For these reasons, Plaintiff's disagreement with the ALJ's weighing of Dr. Harbert's opinion amounts to a request to reweigh evidence. This Court cannot entertain such a request. *See Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) ("This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision.") (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). As such, Plaintiff's argument is unavailing.

Plaintiff next argues that the ALJ's decision should have included RFC provisions related to unscheduled breaks, time off-task, and unscheduled absences. ECF 14-1, at 13. To support this argument, Plaintiff cites evidence which allegedly supports her severe mental limitations, as well as the opinion of a psychiatrist (Dr. Damian Ayichi) who opined that Plaintiff possesses, among other things, an extreme limitation in sustaining concentration, persistence, and pace. *Id.* But Plaintiff does not suggest that the ALJ neglected to assess any relevant evidence or that their decision failed to resolve evidentiary contradictions. In fact, the ALJ directly addressed the opinion of Dr. Ayichi, Tr. 29, and Plaintiff raises no argument that the ALJ erred in the manner by which the ALJ evaluated the opinion. Accordingly, this argument is an impermissible request to reweigh the evidence in favor of a more restrictive RFC. *See Fiske*, 476 F. App'x at 527. Moreover, the ALJ explicitly noted that "[t]he record is void of any medical evidence to support

---

In that case, the ALJ "provided no analysis of the [step two] issue." 2011 WL 3417109, at *3. Here, however, the ALJ did provide step-two analysis. Tr. at 18. *Albert*, therefore, is inapposite.

[5] Because I find that the Court did not err at step two, I decline to address Plaintiff's related contention that the ALJ failed to "cure" their step-two error. *See* ECF 14-1, at 12.

the absenteeism limitation, and there is no evidence that [Plaintiff] would be off task more than 25 percent of the day." Tr. 30. As such, Plaintiff's argument that these RFC limitations were erroneously omitted from the RFC is unavailing.

Plaintiff also contends that the RFC "fails to appreciate the extent of" her lower back pain and radiculopathy. ECF 14-1, at 14. But Plaintiff fails to specify what physical limitations should have been included in the RFC that were not. Where a plaintiff "has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome[,] . . . such harmless error does not warrant remand." *Roshelle S.-B. v. Kijakazi*, No. BAH-21-2842, 2022 WL 4448924, at *4 (D. Md. Sept. 23, 2022) (quoting *Turner v. Colvin*, No. 13-761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015)). Here, Plaintiff fails to explain how the RFC should have accommodated her back pain and radiculopathy. Therefore, this argument also fails.

Lastly, Plaintiff suggests that the ALJ should have limited her to sedentary work, rather than light work, because "nothing in the medical records supports [the conclusion] that [Plaintiff] can stand and/or walk six hours in an eight-hour work day." ECF 14-1, at 14. However, the ALJ's RFC contains no such conclusion. *See* Tr. 24. To the contrary, the ALJ concluded that Plaintiff requires "the option to change positions as needed such that she would not have to stand or walk longer than 30 minutes at a time or sit longer than 30 minutes at a time without the ability to change positions for at least 10 minutes while remaining on task." *Id.* Moreover, a review of the ALJ's decision reveals that these conclusions were supported by substantial evidence. *See id.* ("She has to constantly shift positions because of pain. She can never stay in one position too long."); Tr. 26 ("In April 2020, treatment records noted that she could change position from sitting to standing and standing to sitting without discomfort[.]"). Given this, Plaintiff's argument is unavailing.[6]

My review on appeal is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). I am not permitted to reweigh evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Governed by that standard, I find that Plaintiff's arguments in favor of remand are unpersuasive, and that remand is therefore unwarranted.

### V.  CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED and Plaintiff's alternative motion for remand, ECF 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.

---

[6] Because the RFC was not deficient for the reasons explained above, Plaintiff's suggestion that the ALJ provided a hypothetical question to the vocational expert which "contain[ed] a legally insufficient RFC" is unavailing. ECF 14-1, at 14.

*Loretta Z. v. Kijakazi*
Civil No. 22-3141-BAH
September 6, 2023
Page 6

A separate implementing Order follows.

                                                   Sincerely,

                                                   /s/

                                               Brendan A. Hurson
                                             United States Magistrate Judge